UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN M. DRAKE,
                              Plaintiff,

       v.                                        1:21-CV-0615
                                                     (DNH/DJS)
CITY OF AMSTERDAM POLICE
DEPARTMENT, *et al.*,
                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

UBA LAW FIRM, P.C.                          VINCENT U. UBA, ESQ.
Attorney for Plaintiff
744 Broadway
Albany, New York 12207

ROEMER WALLENS GOLD & MINEAUX LLP    EARL T. REDDING, ESQ.
Attorney for the City Defendants
13 Columbia Circle
Albany, New York 12203

THE REHFUSS LAW FIRM, P.C.             STEPHEN J. REHFUSS, ESQ.
Attorney for the Amsterdam PBA Defendants
40 British American Blvd.
Latham, New York 12110

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

     Presently before the Court is Plaintiff's Discovery Motion. Dkt. No. 67. Counsel for the City of Amsterdam Defendants has replied and opposed the Motion. Dkt. No. 77. An in-person conference was held on the record, on January 8, 2024, wherein all

parties appeared and had a full opportunity to present their respective positions on the pending Motion, as well as other discovery issues.  At the close of argument, I issued a decision on the record, in which, after applying the requisite legal standards, I **granted in part and denied in part** the Motions and Requests pending before the Court.  I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties. A summary of the holdings made by the Court are as follows:

As correctly summarized in Defendants' opposition papers, the discovery Plaintiff seeks by way of the Motion is as follows:

1. The response times of all Amsterdam Police Department Officers from January 2013 to the present, including their names, dates of hire, ranks, job titles, and races.

2. Amsterdam Police Department disciplinary records.

3. "[W]itness statements, investigation reports, or any other disciplinary records relating to this allegation against Defendant Hennessy for this incessant on-duty and off-duty extra-marital sexual relations".

4. "[P]ages missing between bates number 283 and 284".

5. Disciplinary records of Lance Honeybill, Joel Lochner, Jeff Lisicki, and Ariel Santiago.

6. Unredacted disciplinary records.

       7.       Emails, text messages, letters, audio, and video documents exchanged between Defendants and any other persons which in any way pertains to, or refers to, Plaintiff.

       8.       Properly verified interrogatory responses.

Dkt. No. 77 at pp. 2-3.

Dealing with the issues in reverse order, the Court holds as follows:

**Verifications**.  Upon review, the Court finds that the verifications provided by Defendants were proper and need not be redone. The rule governing interrogatories provides, in relevant part, that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. FED. R. CIV. P. 33(b)(3). The rule, however, does not prescribe any particular form of verification. *Zanowic v. Reno*, 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000). The courts that have addressed this issue generally agree that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public, or by providing a declaration pursuant to 28 U.S.C. § 1746. *Steptoe v. City of Syracuse*, 2011 WL 6012941, at *4 (N.D.N.Y. Nov. 1, 2011), *report and recommendation adopted*, 2011 WL 6012040 (N.D.N.Y. Nov. 30, 2011), *aff'd*, 513 F. App'x 8 (2d Cir. 2013).  The cases cited by Plaintiff's counsel, which relate to affidavits submitted in opposition to a motion for summary judgment or in connection with a proceeding covered by New York State law, are clearly distinguishable.  Moreover, to the extent that Plaintiff objects that interrogatory responses are made "upon information and belief," this ignores that FED.

R. CIV. P. 26(g)(1) requires that answers be made upon a "person's knowledge, information, and belief." Plaintiff cites no authority suggest that each individual basis of personal knowledge underlying the basis for answering a question be identified in each interrogatory response and the Court is aware of none.

**Documents, Writings, and Recordings Which Relate to Plaintiff**. As written, the Court agrees that the phrase "between Defendants and any other person(s), which in any way pertains to, or refers to plaintiff" is overly broad and unduly burdensome, especially considering the length of Plaintiff's employment with the City of Amsterdam. Accordingly, the Court therefore upholds Defendant's objections to this demand as written. The Court also notes that the City Defendants did, according to their counsel, provide hundreds of relevant documents from the period of June 2020 to April 2021, and that Plaintiff's counsel did not raise an issue with that response prior to filing of the present Motion. *See* Dkt. No. 77 at ¶¶ 47-50.

**Unredacted Disciplinary Records**. As certified by the City's counsel, these records were provided to Plaintiff's counsel on December 13, 2023. *See* Dkt. Nos. 77 at ¶ 58, and 77-16. This issue is therefore moot.

**Disciplinary records of Officers Lance Honeybill, Joel Lochner, Jeff Lisicki, and Ariel Santiago**. In their responsive papers, the City Defendants note that the disciplinary records referenced above were in fact provided to defense counsel between September 28, 2022 and December 13, 2023. Dkt. No. 77 at ¶ 64. Bates numbers have been provided for the disclosures. However, and with agreement of counsel, the Court

has directed Attorney Redding to obtain a new hard copy of the personal and disciplinary files of Officers Honeybill, Lisicki, Lochner, Santiago, and Hennessy, and to supplement any disclosures as necessary.

**Additional Disciplinary Records for Defendant Hennessy**. As certified by defense counsel, all relevant records relating to discipline of Defendant Hennessy maintained by the City have been provided. Dkt. No. 77 at ¶ 74. As noted, in 2018[1] an inquiry was made about an alleged extramarital affair, and it appears after the fact that Defendant Hennessy was warned and reassigned. *See* Dkt. No. 67-5 at p. 5, Interrogatory Response of Defendant Culick. Further, it appears that there are no records that the City presently maintains of this matter. Accordingly, the City Defendants have complied with the demand. As noted above, Attorney Redding has agreed to obtain and review again Hennessy's employment files. If any responsive documents are discovered in that review or in the future, the City Defendants, of course, have an obligation to update their responses.

**Other Disciplinary Records**. Counseling and disciplinary records for the years 2009 until the present have been provided. Dkt No. 77 at ¶ 80.

**Missing Documents**. Plaintiff alleges that, as to two documents provided in September 2022, Bates ## 283 and 284, it appears upon review that there may be additional documentation associated with that disclosure. Defense counsel has reviewed

---

[1] In a conference, counsel for the City Defendants acknowledged his error in referring to a "2015 incident," when in fact he meant to refer to the 2018 incident.

the two documents and indicates that the missing documentation, which his client does not have a copy of, is most likely the signature page to the Notice of Discipline. Upon the Court's review, Attorney Redding's assertion appears to be correct. Accordingly, this aspect of the Motion to Compel is denied.

**Documents Relating to Response Times**. Plaintiff has demanded response times for all Amsterdam police officers for an 11-year period from January 2013 until the present. In September 2022, the City Defendants indicated that there were no documents responsive to this request. Plaintiff's position is that this is a significant issue as he was disciplined for taking 30 minutes to respond to a civil disturbance call, which the Police Chief felt was too long. Plaintiff wants to argue that this reasoning is pretextual, and that other officers took longer to respond to felony type offenses. Further, Plaintiff's counsel asserts that Defendant's position that there are no responsive documents is simply untenable. Upon review, it seems that the contention boils down to one of semantics, expense, and time. According to the City's counsel, there is no specific document that catalogs response times of officers. Rather, that information could only be generated utilizing recordings concerning when calls came in, and then comparing that information with related blotter information. Dkt. No. 77 at ¶¶ 88-89. Thus, only after substantial time and effort would it be possible for the requested information to be generated on this issue. However, there presently is not a document which provides this information, and it is questionable as to whether the Defendants are obligated to create a document such as this. *Daigle v. United States Dep't of Veterans*

*Affs.*, 2001 WL 37124712, at *2 (N.D.N.Y. Oct. 1, 2001) ("[Rule 34] does not require a party to create a document not already in existence or provide information which is not contained within an existing document."). Of course, in connection with the disciplinary proceeding, if the City's representative had other examples that were utilized of quicker response times for similarly situated calls, that information would need to be provided. Further, if the Defendants intend upon relying upon similarly situated call times in response times in defense of this claim, that information would also need to be provided in advance to Plaintiff's counsel. At oral argument, however, defense counsel confirmed that this would not be the case. Considering the massive breadth of the discovery demands, and the time and effort that would be necessary to create a responsive document, the Court concludes that the demand is patently overbroad, unduly burdensome, and not proportionately relevant to the needs of the case. Counsel have agreed amongst themselves to provide blotter information for a single call, which the Court has no objection to.

    **Other Issues**. At the conference, several additional issues were raised. First, Plaintiff has just recently turned over certain email screenshots that were forwarded to him, which he plans on relying upon for his case in chief. Defense counsel wishes to obtain limited information regarding how those emails were provided, and possibly when they were created. After conferencing the matter, and on consent, the Court grants the Defendant's request to do a short (one hour or less) telephone deposition of the Plaintiff Alan Drake on this precise issue. Next, Plaintiff has advised the Court that he

recently received discovery responses from the PBA Defendant, and that four pages of that response were left blank. Thereafter, the PBA Defendant advised Plaintiff's counsel that the four pages were covered by attorney-client privilege and related to a letter sent by the PBA's attorney, James Tuttle. A privilege log was provided on January 3, 2024. For the sake of an expeditious resolution of this dispute, Attorney Rehfuss is directed to provide the four-page document to the Court for an *in camera* review. Finally, Plaintiff's counsel wishes to depose a dispatcher for the City on a topic relating to his alleged delay in responding to the aforementioned civil incident. No deposition notice was served prior to the close of discovery, and therefore the Plaintiff's request is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's request to compel certain discovery (Dkt. No. 67) is **GRANTED IN PART AND DENIED IN PART** as set forth above, and it is further

**ORDERED**, that Defendant's request to do a short follow-up telephone deposition of Plaintiff regarding the recently disclosed text messages is **GRANTED** on consent, and it is further

**ORDERED**, that Plaintiff's oral request to have the Court conduct an *in camera* review of the document reference in Defendant PBA's January 3, 2024 privilege log, is hereby **GRANTED**, and the document shall immediately be provided to the Court by Attorney Rehfuss, and it is further

**ORDERED**, that Plaintiff's request to depose an additional witness from the City's Police Dispatch Department is **DENIED**, and it is further

**ORDERED**, that discovery in this matter is closed except to the limited extent referenced above and the deadline for filing dispositive motions remains for February 29, 2024, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 10, 2024
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge